11-2009-ag
Liu v. Holder

BIA
Cheng, IJ
A087 469 098

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand twelve.

PRESENT:
>
> JOSEPH M. McLAUGHLIN,
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

MEI TING LIU,
>
> *Petitioner*,

> v.                                     11-2009-ag
>                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>
> *Respondent*.

_____

FOR PETITIONER:          Norman Kwai Wing Wong, New York, N.Y.

FOR RESPONDENT:          Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Mei Ting Liu, a native and citizen of the People's Republic of China, seeks review of an April 29, 2011, order of the BIA affirming the August 27, 2009, decision of Immigration Judge ("IJ") Mary M. Cheng, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Ting Liu*, No. A087 469 098 (B.I.A. Apr. 29, 2011), *aff'g* No. A087 469 098 (Immig. Ct. N.Y. City Aug. 27, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009).

## I.  Asylum, Withholding of Removal, and CAT Relief

Substantial evidence supports the agency's conclusion that Liu failed to meet his burden of proving eligibility for relief.  Under the REAL ID Act, "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii).  While a failure to corroborate cannot, without more, support an adverse credibility determination, "a failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof."  *See Chuilu Liu*, 575 F.3d at 198 n.5.  When an IJ "determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."  8 U.S.C. § 1158(b)(1)(B)(ii).

In this case, the agency was not unreasonable in requiring corroborating evidence regarding Liu's claim of past persecution, as he provided no evidence, other than his

3

own testimony, regarding his Christianity, worship at a house church in China, or his detention and beating by Chinese authorities. Moreover, the agency identified the type of corroborating evidence that Liu reasonably could have presented to corroborate his claim, and, even crediting his explanation that he had no letters from his family because they were afraid Chinese officials would discover the correspondence, found that he had not adequately explained "the total absence of supporting evidence to verify his religious practices or the abuse he suffered by authorities." *In re Mei Ting Liu*, No. A087 469 098, at *1 (B.I.A. Apr. 29, 2011). Consequently, substantial evidence supports the agency's determination that Liu could reasonably provide corroborating evidence, and its determination that Liu's testimony alone could not establish past persecution. *See* 8 U.S.C. § 1252(b)(4); *Chuilu Liu*, 575 F.3d at 196-99.

Because the agency reasonably concluded that Liu did not establish past persecution, he is not entitled to a presumption of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). With regard to his claim that he has an independent, well-founded fear of future persecution based

4

on his conversion to Mormonism in the United States, the BIA did not err in finding that in the absence of any evidence showing that the Chinese government was targeting Chinese citizens who converted to Mormonism while abroad, or that the Chinese government was aware of Liu's conversion to Mormonism, Liu did not meet his burden of showing an objectively reasonable fear of future persecution. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities."). Because this finding is dispositive of Liu's claim of a well-founded fear of future persecution, we need not consider his argument that the IJ failed to adequately consider the evidence he provided regarding his conversion to, and practice of, Mormonism in the United States.[*]

---

[*]Because Liu argues for the first time before this Court that there is a pattern or practice in China of persecuting practitioners of unauthorized faiths, he has not exhausted that argument and we decline to consider it in the first instance. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 119-20 (2d Cir. 2007).

Because Liu was unable to show the objective likelihood of persecution needed to make out an asylum claim, and because his claim for CAT relief rests on the same factual predicate as his asylum claim, his claims for withholding of removal and CAT relief also fail.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006)

## II.  BIA's Standard of Review

Liu argues that the BIA erred by engaging in improper *de novo* review and fact-finding.  In an appeal pending with the BIA after September 2002, the BIA is expressly prohibited from engaging in independent fact-finding, *see* 8 C.F.R. § 1003.1(d)(3)(iv), and may overturn the IJ's findings of fact only if "clearly erroneous," *see* 8 C.F.R. § 1003.1(d)(3)(i).  In contrast to findings of fact, the BIA reviews "questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges *de novo*."  8 C.F.R. § 1003.1(d)(3)(ii).  Here, the BIA did not engage in a *de novo* review to overturn the IJ's finding of fact, but rather to determine that Liu's fear was not objectively reasonable, and such *de novo* review was not in error.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162 (2d Cir. 2008); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 117 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk